**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013-1230

Public: (213) 269-6000
Telephone: (213) 269-6138
E-Mail: Mica.Moore@doj.ca.gov

May 11, 2026

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:  *People of the State of California ex rel. Rob Bonta, Attorney General v. Exxon Mobil Corporation*, No. 25-1674
Response to Citation of Supplemental Authority

Dear Ms. Dwyer:

*Chevron USA Inc. v. Plaquemines Parish*, 2026 WL 1040461 (U.S. Apr. 17, 2026), does not support reversal of the district court's remand order. The Supreme Court held that federal officer removal was appropriate on the facts of that case, because a lawsuit pursuing liability for Chevron's wartime crude-oil production practices was "closely connected" to and "relat[ed] to" Chevron's performance of federal wartime duties refining crude oil into aviation gasoline for the military. *Id.* at *7.

Consistent with *Chevron*, this Court "read[s] [its] 'causal nexus' test" to allow removal of "actions not just *causally* connected, but alternatively *connected* or *associated*, with acts performed under color of federal office." *DeFiore v. SOC*

May 11, 2026
Page 2

*LLC*, 85 F.4th 546, 557 n.6 (9th Cir. 2023); *see California ex rel. Harrison v. Express Scripts, Inc.*, 154 F.4th 1069, 1079 (9th Cir. 2025). The Attorney General has not argued that any different standard should apply. *See* AB 26 n.9.

*Chevron* illustrates that the phrase "relating to" does not extend so broadly so as to support removal in this case. The Court made clear that the federal officer removal statute does not "reach all suits with any attenuated connection to federal duties." *Chevron*, 2026 WL 1040461, at *6. And the Court approvingly cited two circuit decisions affirming remand orders in climate-deception cases that are materially similar to the Attorney General's enforcement action. *Id.* (citing *District of Columbia v. Exxon Mobil Corp.*, 89 F.4th 144 (D.C. 2023); *Minnesota ex rel. Ellison v. Am. Petroleum Inst.*, 63 F.4th 703 (8th Cir. 2023)). In those cases, courts held that claims "targeting an oil company's statements to consumers" "did not relate to [defendant's] decades-earlier [oil] production for the Government." *Id.* at *6. Here, too, the nexus, if any, between the complaint's allegations of deceptive conduct related to plastics recycling and Exxon's wartime oil production is too "attenuated" to support federal jurisdiction. *See* AB 23-27; *Chevron*, 2026 WL 1040461, at *6 ("relating to" does not encompass "tenuous, remote, or peripheral" connections).

/

May 11, 2026
Page 3


/

                                          Sincerely,

                                           */s/ Mica L. Moore*

                                          MICA L. MOORE
                                          Deputy Solicitor General

                            For    ROB BONTA
                                            Attorney General

cc:  All Counsel of Record (via ACMS)